OPINION
In this case, Defendant, Kirkland Smith, appeals from a final judgment entered in Criminal Case No. 99 CR 281 on September 22, 1999. On that date, the trial court imposed sentence on Smith based on Smith's guilty plea to five counts of trafficking in cocaine. Smith received sentences of ten months on three charges (Counts I, II, and IV), to be served concurrently, and concurrent sentences of fifteen months on the two other charges (Counts III and V), to be served consecutive to the sentences for Counts I, II, and IV. As a result, Smith's total sentence was 40 months, with zero months being a mandatory term under R. C. 2929.13(F), R.C. 2929.14, or Chapter 2925.
After reviewing the record, Smith's court-appointed counsel noted three potential issues: 1) whether Smith's sentence was disproportionate; 2) whether Smith received ineffective assistance of counsel; and 3) whether Smith's guilty plea was "improvident" or involuntary. However, counsel notified the court that he found no merit to any of these claims. We notified Smith that an Anders
brief had been filed, and gave him sixty days to file a pro se
brief assigning any errors for review. Subsequently, we did not receive a brief from Smith, and the matter has been submitted for review on the merits.
We have independently examined the record in accordance with our duty under Anders v. California (1967), 386 U.S. 738. After reviewing the record and the applicable law, we agree with defense counsel that there are no assignments of error which have arguable merit.
The record reveals that Smith originally pled not guilty, but then changed his plea based on the advice of counsel. According to the transcript of the plea hearing, Smith's counsel had viewed the evidence and had strongly recommended that Smith enter a plea as charged. The content of the plea hearing indicates that the trial judge complied fully with the requirements of Crim. R. 11.
In exchange for the guilty plea, the prosecution deferred sentence to a presentence investigation and recommended a drug assessment as part of that investigation. As a result, the court ordered a presentence investigation and ordered Smith to return on September 22, 1999, for disposition. At that time, Smith and his counsel returned to court. Smith's counsel asked for a continuance because Smith had not reported sufficiently to the probation officer or to the court. However, the probation officer indicated that Smith had been explicitly instructed by the Probation Department to get a drug and alcohol assessment, but Smith had never reported. Smith also failed to report in so that the probation officer could obtain pertinent information for the presentence investigation.
Based on these facts, the court decided to proceed with disposition. Among other things, the court noted that Smith had an extensive Juvenile Court record and had committed the current offense while under community control sanctions. Additionally, the court decided that consecutive sentences were necessary to protect the public or punish the Defendant and were not disproportionate to the seriousness of the crime. The record further indicates that the court weighed all appropriate factors and principles in R.C. 2929.11-2929.14 in imposing sentence. Notably, the potential sentence could have been 6 years, with a $17,500 fine, but the court imposed only 40 months and restitution of $265.
We see nothing in this record which would provide a basis for a successful appeal. Accordingly, the judgment of the trial court is affirmed.
WOLFF, J., and FAIN, J., concur.